# SUPREME COURT.

JOSEPH FOXELL and THOMAS JONES agt. GEORGE W. FLETCHER.

*Agreement — to extend time for payment of a debt owing by plaintiff and to accept monthly payments — effect of.*

Defendant being indebted to plaintiffs in the sum of $956,28, one A. con veyed to the plaintiffs a plot of ground " as collateral security for said indebtedness." On the day of the conveyance the plaintiffs signed a written memorandum which recited: " Whereas, George W. Fletcher is indebted to us in the sum of $956.28, and is at present unable to pay the same; and, whereas, we have agreed to give Fletcher time to pay the same, not exceeding thirty-eight months from the date thereof, and that we will accept monthly payments of not less than twenty-five dollars a month to be paid on the first of each and every month until the whole amount be paid, with interest thereon from July 1; 1876; " and, also, the giving of the deed by A. as collateral security for the indebtedness as before mentioned, and then obligated the plaintiffs to reconvey the property conveyed, when the debt due from Fletcher was " paid in accordance to the terms of the above agreement: "

*Held,* that no part of the debt became due before the expiration of thirty-eight months.

A promise on the one side to accept, and on the other to pay, a given sum in composition of a debt in installments, is a single agreement to pay a specified sum in installments, and upon a failure to make one payment the whole contract is broken by the debtor, and the creditor can again enforce the original debt.

But where, as in this case, time is given for the whole debt, and there is no promise to pay in installments, but only a declaration by the plaintiffs that they will accept monthly payments if the defendant sees fit to make them, until the defendant fails to pay according to the terms of the agreement, the plaintiffs have no cause of action which they can enforce.

*Rensselaer Circuit, November,* 1879.

*Henry A. Merritt,* for plaintiffs.

*J. Stewart Ross,* for defendant.

Foxell agt. Fletcher.

WESTBROOK, *J.* — The facts in this cause were admitted, and are these :

The defendant was indebted to the plaintiffs in the sum of $956.28. On the 5th day of January, 1877, one Joseph R. Andrews conveyed to the plaintiffs a plot of ground in Newark, New Jersey, " as collateral security for said indebtedness." The plaintiffs on that day signed a written memorandum, which recited : " Whereas, George W. Fletcher is indebted to us in the sum of $956.28, and is at present unable to pay the same; and, whereas, we have agreed to give Fletcher time to pay the same, not exceeding thirty-eight months from the date thereof, and that we will accept monthly payments of not less than twenty-five dollars a month to be paid on the first of each and every month until the whole amount of $956.28 be paid, with interest thereon from July 1, 1876 ; " and, also, the giving of the deed by Andrews as collateral security for the indebtedness as before mentioned, and then obligated the plaintiffs to reconvey the property conveyed when the debt due from Fletcher was " paid in accordance with the terms of the above agreement."

The case depends upon the terms of the writing and the question is, did any part of the debt become due before the expiration of thirty-eight months, the action having been commenced after the defendant had failed to meet one or two of the monthly payments ?

It is true that the writing produced, which is executed by the defendants, is not a direct agreement with the defendant giving time but it expressly declares : " We have *agreed* to give Fletcher time to pay the same," and it must be assumed that the contract between plaintiffs and defendant was in such form and shape that it accomplished what the plaintiffs declare it had done. The language is : " *We have agreed,*" and that would be impossible of a verbal talk in which a promise is made of something to be done within thirty-eight months, for such *promise* would be void and would be no *agreement.*

Neither is the criticism sound that the agreement was with

Andrews. It is true that the writing produced protects Andrews, but therein it is declared that they have agreed with the defendant and the terms thereof are specified. What are those terms?

First. That Fletcher should have time to pay the debt, for it is so stated in direct terms: "We have agreed to give Fletcher time to pay the same."

Second. The limit of the time he was to have is said to be "not exceeding thirty-eight months from the date thereof."

Third. The plaintiffs agree to "accept monthly payments of not less than twenty-five dollars a month, to be paid on the first of each and every month until the whole amount of $956.28 be paid, with interest thereon from July 1, 1876."

It is not seen how the plaintiffs can avoid the effect of this plain agreement. Time was given to pay, which time could not exceed thirty-eight months from the date of the agreement, with a promise on the part of the plaintiffs to accept monthly payments of not less than twenty-five dollars each; but no promise on the part of the defendant to pay monthly is made, nor is there any reservation by the plaintiffs that a failure to make the monthly payments would render the whole sum due.

The cases cited by the plaintiffs' counsel are not analogous. A promise on the one side to accept, and on the other to pay, a given sum in composition of a debt in installments is a single agreement to pay a specified sum in installments, and upon a failure to make one payment the whole contract is broken by the debtor and the creditor can again enforce the original debt. In this case time is given for the whole debt, and there is no promise to pay in installments but only a declaration by the plaintiffs that they will accept monthly payments if the defendant sees fit to make them. Until the defendant fails to pay, according to the terms of the agreement the plaintiffs have no cause of action which they can enforce.

There must be judgment for the defendant upon the sole

ground that there was no debt due to the plaintiffs when this suit was commenced. As an action is commenced, except to save the statute of limitation, by the service of the summons, the plaintiffs could serve the summons issued to the sheriff prior to the agreement giving time, after default, if any in the agreement. They were not compelled to issue new process to begin the suit, though the order of arrest issued, but not executed, before such agreement became invalid in consequence thereof, as the general term held upon the appeal from the order refusing to vacate it. As the case is decided upon the ground that the time given to pay the debt had not expired when the summons was served, there is no occasion to elaborately discuss the point made upon the summons, and the alleged necessity of issuing a new one.